## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

GREGORY D. SOBIN,         )
                                )
                Plaintiff,    )
v.                           )     No. 1:11-cv-518-RLY-MJD
                                )
L. MARSH,              )
                Defendant.   )

### Entry Denying Motion for Summary Judgment

For the reasons explained in this Entry, the defendant's motion for summary judgment must be **denied.**

## A. Background

This is a civil rights action in which Gregory D. Sobin claims that defendant Larry Marsh placed offender Jack McCardle III in Sobin's cell for the purpose of attacking and ultimately injuring him. The defendant asserts as an affirmative defense that Sobin failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act prior to filing this action. This defense is asserted through the defendant's motion for summary judgment, which is fully briefed.

## B. Legal Standards

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996).

The substantive law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007).

The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.*

## C.  Material Facts

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Sobin as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Sobin was incarcerated at the Pendleton Correctional Facility ("PCF") on December 1, 2010.

There is a grievance program at PCF which was in place while Sobin was incarcerated at PCF and during the time Sobin alleges that his rights were violated. Sobin's claim in this action is within the scope of matters which can be presented at the PCF grievance program.

The grievance process at the PCF consists of an attempt to resolve the complaint informally, as well as two formal steps, a formal written grievance and then an appeal of the response to the level one grievance.

Proper exhaustion of the grievance procedure requires pursuing an appeal to the final step of the grievance process. If an offender does not receive a response from staff in accordance with the established time frames, he is entitled to move to the next stage of the process.

Offender Sobin did not complete the grievance procedure as to the claim alleged in the complaint prior to filing this action.

Sobin testified that he submitted his informal and formal grievances, but he never received a response. Sobin then sought an appeal form from both his counselor and the law library, but he was never provided with one.

## D. Analysis

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The facts construed in a fashion most favorable to Sobin as the non-movant raise a material question of fact regarding whether he was thwarted in his attempt to use the grievance system at the PCF.

The defendant has failed to show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law on the issue of whether Sobin exhausted his available administrative remedies. Accordingly, the defendant's motion for summary judgment [24] is **denied.**

## E. Hearing

The PLRA's exhaustion requirement creates an affirmative defense and the burden of proof is on the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)). When asserted, the defense must be resolved prior to the merits of a claim being reached. *Pavey v. Conley,* 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit."). Both parties have requested a hearing to resolve the material facts in dispute. That request is granted and a hearing shall be set by separate Order.

**IT IS SO ORDERED.**

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: 04/11/2012

**Distribution:**

**Gregory D. Sobin**
**No. 116350**
**Wabash Valley Correctional Facility**
**6908 S. Old U.S. Highway 41**
**P.O. Box 500**
**Carlisle, IN 47838**

**All electronically registered counsel**