UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GREGORY D. SOBIN,            )
                             )
         Plaintiff,          )
v.                           )     Case No. 1:11-cv-518-RLY-MJD
                             )
L. MARSH,                    )
                             )
         Defendant.          )

**Entry Discussing Affirmative Defense of Failure
to Exhaust Available Administrative Remedies**

**I. Background**

This is a civil rights action brought by Gregory Sobin against Officer Larry Marsh. Sobin alleges that while he was an inmate at the Pendleton Correctional Facility ("PCF"), Officer Marsh placed offender Jack McCardle III in Sobin's cell for the purpose of attacking and injuring him. Marsh has presented as an affirmative defense his contention that Sobin failed to comply with the exhaustion requirement of the Prison Litigation Reform Act (PLRA) prior to filing this action. The Court denied Marsh's motion for summary judgment based on Sobin's failure to exhaust his available administrative remedies.

The Court held a hearing on March 14, 2013, pertaining to the exhaustion defense. The parameters of the hearing were established by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Sobin was present in person. Marsh was present by counsel. Evidence, including testimony, was submitted. In addition to evidence

presented during the hearing, the court has considered the evidence presented in support of and in opposition to the motion for summary judgment.

The burden of proof as to this defense rests on the defendant. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)). For the reasons explained in this Entry, the Court finds that Marsh has failed to meet his burden of proof.

## II. Discussion

A. *The Exhaustion Requirement*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). AProper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.@ *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale,* 376 F.3d at 655 ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole,* 438 F.3d at 809. "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use

affirmative misconduct to prevent a prisoner from exhausting." *Id.* Prison officials' failure to respond to a prisoner's grievance can render the administrative remedies unavailable, and thus exhausted. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)("we refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.") (internal quotation omitted). Similarly, "when prison officials prevent inmates from using the administrative process, . . . the process that exists on paper becomes unavailable in reality." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit's focus is on whether a plaintiff did all he could reasonably do to avail himself of the administrative process. *Dole*, 438 F.3d at 811-12. When a plaintiff follows the prescribed steps, then available remedies are exhausted. *Id.*

  B. *Sobin's Use of the Grievance Process*

  Based on the evidence and testimony, the Court finds the following with respect to Sobin's attempt to use the administrative remedy process.

  On December 1, 2010, while he was incarcerated at the PCF, Sobin was attacked by another inmate. Sobin alleges that Marsh placed this inmate in Sobin's cell for the purpose of attacking him. This allegation is within the scope of matters governed by the PCF grievance program.

  The grievance program at the PCF consists of an attempt to resolve the complaint informally, as well as two formal steps – a formal written grievance (level one) and an appeal of the response to the level one grievance. The inmate must

submit the level one grievance within 20 working days of the incident that is the subject of the grievance. Proper exhaustion of the grievance procedure requires pursuing an appeal to the final step of the process. If an offender does not receive a response from staff in accordance with the established time frames, he is entitled to move to the next stage of the process.

The parties agree that Sobin attempted to resolve his complaint informally. The parties also agree that Sobin attempted to submit a level one grievance, but disagree regarding when Sobin submitted his level one grievance. Marsh asserts that Sobin submitted his level one grievance beyond the 20-day time frame and that the grievance was therefore properly rejected as untimely. Sobin contends, on the other hand, that the untimely grievance was the second grievance he submitted and that he had previously submitted a timely grievance to which he received no response.[1] He complained to prison staff that he had not received responses to his grievances. Sobin states that he received no response to either grievance and therefore went on to attempt to file an appeal, as the grievance policy contemplates, but was unable to obtain an appeal form.

---

[1] At the hearing, the defendant presented an agreed stipulation that "Plaintiff's first attempt to file a formal grievance form was with Counselor Kidder of the Indiana Department of Correction on or about January 14, 2011." Accepting this stipulation would require a determination that Sobin did not file a timely formal grievance and therefore did not exhaust his available administrative remedies. It is true that stipulations are usually binding on the parties, however, a party may be relieved of a stipulation if "necessary to prevent a 'manifest injustice' or [if] the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law." *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1206 (7th Cir. 1989) (citing *Smith v. Blackburn,* 785 F.2d 545, 549 (5th Cir.1986); *L.P.S. by Kutz v. Lamm,* 708 F.2d 537, 539-40 (10th Cir.1983); *Ginsberg v. Burlington Indus., Inc.,* 500 F.Supp. 696, 699 (S.D.N.Y.1980)). That is the case here. Sobin, proceeding pro se, expressed his misunderstanding regarding the effect of the stipulation and presented evidence contrary to the stipulation. Accordingly, the court will disregard the stipulation and consider the other evidence presented.

Having weighed the conflicting evidence concerning what Sobin did to utilize the grievance process, the Court credits the evidence presented by Sobin that he attempted to file a timely grievance and was prevented from doing so. The Court infers no intentional misconduct on the part of PCF personnel, but the evidence supports an inference that Sobin's level one grievance was lost or misplaced. His attempts to submit an appeal as contemplated by the policy were unsuccessful. Sobin therefore did everything he could do to pursue his administrative remedies. A prisoner is excused from the exhaustion requirement when the process becomes unavailable to him. *Dole,* 438 F.3d at 811-12. Under these circumstances, the court finds that Sobin did what was reasonable to exhaust his available administrative remedies as to his claim against Marsh. Marsh has therefore failed to prove his affirmative defense.

The affirmative defense discussed herein is **rejected** and the case will proceed.

IT IS SO ORDERED.

Date:  04/24/2013

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

All electronically registered counsel

Gregory D. Sobin
113650
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838